IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LAMOND MARSHALL,           )
                           )
            Petitioner,    )
                           )
      v.                   )      1:13CV63
                           )
SUSAN WHITE,               )
                           )
            Respondent.    )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, along with the $5.00 filing fee. For the following reasons, the Petition cannot be further processed.

1. Petition was not signed by Petitioner (at least one copy must bear an original signature). Rule 2(c), Rules Governing § 2254 Cases.

Because of this pleading failure, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[1] To further aid Petitioner, the Clerk is instructed to return the $5.00 filing fee and to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

---

[1] To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner.

In addition, the Court notes that in any refiling, Petitioner should clearly indicate for each claim he seeks to raise whether state court remedies have been exhausted as required by 28 U.S.C. § 2254(b). In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422). Here, the Petition indicates that two of Petitioner's claims, Grounds Two and Four, were not raised in the state courts at all. His other claims, Grounds One and Three, may have been raised, but the Petition is not clear as to whether they were raised in both a Motion for Appropriate Relief and in a petition seeking a writ of certiorari from the North Carolina Court of Appeals. Petitioner should make it clear that his state court remedies were exhausted as to any claims he raises, or should set out the basis on which he contends that he can proceed without exhausting his state remedies.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to return the $5.00 filing fee and to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 8th day of July, 2013.

/s/ Joi Elizabeth Peake<br>
United States Magistrate Judge